IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA GOMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-28-BN |
| | § | |
| NTX AUTO GROUP | § | |
| INCORPORATED, D/B/A NTX | § | |
| AUTO, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
JOINT MOTION TO REMAND TO STATE COURT**

Plaintiff Sandra Gomez and Defendant NTX Auto Group Incorporated, d/b/a NTX Auto have filed a Joint Motion to Remand, *see* Dkt. No. 32, asking that this case be remanded to state court because "[t]he party who originally sought removal, Defendant Strike Acceptance, Inc., has been dropped by Plaintiff's pleadings, and the federal regulatory claim under the Federal Trade Commission ([the] 'Holder Rule'), has also been dropped from the suit – leaving only nondiverse Texas parties," *id.* at 1.

For the reasons explained below, the Court denies the Joint Motion to Remand [Dkt. No. 32].

**Background**

Gomez filed suit against NTX and Strike in state court, alleging claims under state law and also claims for Violation of the Truth in Lending Act, for Equal Credit Opportunity Act Violations, and based on the Federal Trade Commissioner's "Holder

-1-

Rule." *See* Dkt. No. 1-4 at 8-35 of 61.

Strike removed the case under 28 U.S.C. §§ 1331, 1367, 1441, and 1446, asserting that "[f]ederal question jurisdiction exist in this civil action under 28 U.S.C. § 1331, because multiple federal questions appear on the face of the petition," which "expressly asserts claims under the Truth-in-Lending Act ('TILA'), the Equal Credit Opportunity Act ('ECOA') and the Federal Trade Commission's Holder Rule." Dkt. No. 1 at 1-2. And, in its Notice of Removal, Strike alleged that "[t]his Court has supplemental jurisdiction over all of the other claims asserted by Plaintiff pursuant to 28 U.S.C. §§ 1367 & 1441" because "[t]hose non-federal claims arise from the same case or controversy as the federal claims." *Id.* at 3.

Strike's Notice of Removal also explained that "NTX's consent to the removal of this action is attached and incorporated herein as Exhibit 'C.'" *Id.* at 3; *see also* Dkt. No. 1-3 ("COMES NOW, Defendant NTX Auto Group Incorporated, d/b/a/ NTX Auto, and hereby consents to the removal of this action from the 134th Judicial District Court of Dallas County, Texas, Case DC-23-18716, to the United States District Court for the Northern District of Texas, Dallas Division.").

After removal, Gomez filed Plaintiff's First Amended Complaint, which alleges claims against only NTX but includes, as part of what she alleges against NTX, claims for Violation of the Truth in Lending Act and for Equal Credit Opportunity Act Violations. *See* Dkt. No. 16. And Gomez's First Amended Complaint alleges that "[t]he Court has jurisdiction over the lawsuit because the action arises under the Truth in Lending Act, 15 U.S.C. § 1601, et. seq." and "has supplementary jurisdiction over the

remaining state law claims because they form part of the same case or controversy and share a common nucleus of operative fact with the federal claims." *Id.* at 1 (citing 28 U.S.C. § 1367).

Gomez also filed a Notice of Dismissal of Defendant Strike Acceptance, Inc., asking for dismissal of her claims against Strike without prejudice. *See* Dkt. No. 15 at 1.

The Court then entered an Electronic Order explaining: "Because Strike Acceptance has filed an answer and has not stipulated to dismissal, Doc. No. 1-4, the Notice of Dismissal is ineffective. Fed. R. Civ. P. 41(a)(1). However, the Court notes that Ms. Gomez has filed a First Amended Complaint in which she no longer asserts claims against Strike Acceptance. Doc. No. 16. Accordingly, the Court intends to terminate Strike Acceptance's Motion to Dismiss, for Judgment on the Pleadings or to Compel Arbitration, Doc. No. 10, fourteen days after the entry of this order." Dkt. No. 17.

Strike filed a response asserting that its "dismissal from this matter is governed by [Federal Rule of Civil Procedure] 41(a)(2), which allows the Court to condition the dismissal 'on terms that the court considers proper,'" and asked that Strike's dismissal be ordered to be with prejudice or, alternatively, "conditioned upon the requirement that any future 'refiling' be with this Court." Dkt. No. 20 at 2 (quoting FED. R. CIV. P. 41(a)(2)).

The Court gave Gomez a chance to respond, *se* Dkt. No. 21, but she did not do so, *see* Dkt. No. 32 at 3 ("Plaintiff did not file a response or other opposition, referenced

-3-

above, by February 13, 2024, signaling no opposition to dismissal of Strike upon the conditions reflected Strike's Response.").

After noting that "Gomez did not file a response," the Court ordered that Gomez must "file any future suit against Strike Acceptance arising out of or relating to the facts underlying her claims against Strike Acceptance in this suit only in the Northern District of Texas, Dallas Division before Judge Ed Kinkeade." Dkt. No. 23 at 1.

Gomez and NTX then filed their Joint Motion to Remand, asserting that:

- "The Defendant who originally sought removal based on federal question jurisdiction, Strike Acceptance, Inc., has been dropped from the case, as reflected in Claimant's Amended Complaint."

- "Additionally, claims under the Federal Trade Commission ('Holder Rule') have also been dropped by Plaintiff, removing the motivating impetus for the invocation of federal-question jurisdiction."

- "As a result of the dismissal of the original removing party and dismissal of the central federal theory (FTC Holder Rule) giving rise to Strike's request for removal, the remaining claims between Plaintiff and Defendant NTX may be litigated in Texas state court in the 134th Judicial District Court of Dallas County, Texas, the court of original filing of the action."

- "The remaining parties are not diverse in citizenship and are Texas residents."

- "In light of the above-referenced developments in the case, the remaining parties agree that the remaining claims are appropriate for disposition in Texas state court and jointly request that this cause be remanded."

Dkt. No. 32 at 3.

## Legal Standards and Analysis

The Court will not remand this action because it still has subject-matter jurisdiction over Gomez's federal law claims on the same basis on which Strike removed the case from state court.

Strike removed the case based on under federal question jurisdiction under 28 U.S.C. § 1331 by pointing to Gomez's alleged federal law claims against either Strike or NTX for Violation of the Truth in Lending Act, for Equal Credit Opportunity Act Violations, and based on the Federal Trade Commissioner's "Holder Rule." *See* Dkt. No. 1 at 1-2.

Under Section 1331, federal question jurisdiction "exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (cleaned up). "Where removal jurisdiction is predicated on the existence of a federal question, the federal question generally must appear on the face of the plaintiff's complaint." *Baker v. Farmers Elec. Co-op., Inc.*, 34 F.3d 274, 278 (5th Cir. 1994).

Gomez pleaded three claims under federal law in Plaintiff's Original Petition.

*See* Dkt. No. 1-1. That supported removed on the basis – as Strike alleged in its Notice of Removal – that "[t]hose claims are "within the original subject matter jurisdiction of this Court" under Section 1331. Dkt. No. 1 at 3.

And Gomez and NTX do not dispute that the Court had subject matter jurisdiction over Gomez's case at the time of removal.

But "the ability of a party to remove a case and the ability of a court to remand a case that has been properly removed by a party are distinct concepts not necessarily subject to the same rules." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (cleaned up). "The district court's authority to remand the case to state court depends on the nature of the district court's jurisdiction over the claims that comprise the case at the time of the remand." *Id.* (cleaned up).

And "a district court exceeds its authority if it remands a case on grounds not expressly permitted by the controlling statute." *Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993) (cleaned up). Under i 28 U.S.C. §§ 1441 and 1447(c), a "district court has general authority to remand a case under any of the following circumstances: 1) it has discretion to remand state law claims that were removed along with one or more federal question claims; 2) it must act on a timely motion to remand based on a defect in removal procedure; and 3) it must remand a case over which it has no subject matter jurisdiction." *Id.* at 819.

And, this case "having been correctly removed, the [Court] could only [remand] it under authority of one of the limited number of enumerated grounds for remand." *Id.* at 821. But this case presents no permitted grounds for remand of the entire case

to state court.

First, 28 U.S.C. "§ 1447(c) allows a district court to remand a case if the court lacks subject matter jurisdiction over the case, or on timely motion if there is a defect in the removal procedure." *Id.* at 819.

But Plaintiff's First Amended Complaint, although alleging claims against only NTX, still includes Gomez's claims for Violation of the Truth in Lending Act and for Equal Credit Opportunity Act Violations. *See* Dkt. No. 16. Those claims – which Gomez has also pleaded against NTX in Plaintiff's Original Petition – "are treated as arising under federal law; therefore, the [Court] has original subject matter jurisdiction of this case under 28 U.S.C. § 1331," regardless of the removing defendant's dismissal. *Buchner*, 981 F.2d at 819.

And "federal question jurisdiction arises 'because of the Federal questions presented in the record, and [does] not depend upon diversity of citizenship.'" *Tubwell v. Specialized Loan Serv. LLC*, No. 3:17-CV-15-DMB-RP, 2017 WL 1450598, at *3 (N.D. Miss. Apr. 12, 2017) (quoting *Ohio Tax Cases*, 232 U.S. 576, 586 (1914)). Neither does it matter whether Gomez and NTX are Texas residents, because 28 U.S.C. § 1441(b)(2)'s so-called forum-defendant rule applies only to cases removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

"Subject matter jurisdiction can neither be conferred nor destroyed by the

parties' agreement or waiver," and "federal question jurisdiction is not discretionary with the district court." *Buchner*, 981 F.2d at 820, 821. Where Gomez's federal law claims "are treated as arising under the laws of the United States, the [Court's] subject matter jurisdiction over those claims is mandatory," and "it has no discretion to remand them to state court." *Id.* at 821.

Second, "no procedural defect is apparent in [Strike's] removal," and Gomez did not "move to remand this case for the existence of any such defect." *Id.* at 819-20. Nor do Gomez or NTX now allege that there was any defect in removal procedure. And, in any event, "by [her] failure timely to move for remand on that basis, [Gomez] waived any such defect if one in fact ever existed." *Id.* at 821.

Third, as Gomez herself alleges in Plaintiff's First Amended Complaint, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Gomez's state law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Supplemental jurisdiction "is codified in 28 U.S.C. § 1367 and gives the court discretion to exercise jurisdiction over state-law claims when: (1) federal question jurisdiction is proper, and (2) the state-law claims derive from a common nucleus of operative facts." *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012) (cleaned up).

Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim under" 28 U.S.C. § 1367(a) under certain

circumstances. 28 U.S.C. § 1367(c). But Section 1367(c) "is discretionary, and it permits the Court to remand only claims over which it would not have an independent basis for jurisdiction, such as jurisdiction based on diversity of citizenship or a federal question." *Green v. JPMorgan Chase Bank, N.A.*, No. 3:11-cv-1498-N, 2012 WL 12823699, at *4 n.12 (N.D. Tex. Feb. 9, 2012) (cleaned up).

> To determine [under 28 U.S.C. § 1367(c)] whether to exercise supplemental jurisdiction over a state-law claim, the Court considers whether: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c); *Hicks v. Austin I.S.D.*, 564 F. App'x 747, 748 (5th Cir. 2014); *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 n.4 (5th Cir. 2009). The Court is guided by these statutory factors set forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity. *Brookshire Bros.*, 554 F.3d at 602.

*Hernandez v. ARC Trading Co.*, No. 3:17-cv-2057-BN, 2018 WL 2017680, at *4 (N.D. Tex. May 1, 2018). "[N]o single factor is dispositive," and the Court must make its "decision in light of the specific circumstances of the case at bar." *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) (per curiam) (quoting *Brookshire Bros.*, 554 F.3d at 602).

Gomez and NTX do not ask the Court to split off or sever the state law claims and remand them to state court under 28 U.S.C. § 1367(c).

And turning to the statutory factors, the Court has not dismissed Gomez's claims over which it has original jurisdiction.

Neither do the parties allege that this matter raises novel or complex issues of

-9-

state law.

And, "even if this court found that [Gomez's] state law claims did substantially predominate, it finds it would be improper to sever such closely interconnected claims." *K&F Rest. Holdings, Ltd. v. Rouse*, No. CV 16-293-SDD-EWD, 2016 WL 6901375, at *6 (M.D. La. Sept. 22, 2016), *rep. & rec. adopted*, 2016 WL 6897795 (M.D. La. Nov. 22, 2016).

Finally, Gomez and NTX "do not point to, and this court has not identified, other 'exceptional circumstances' that would constitute a compelling reason to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(4). With regard to issues of judicial economy, convenience, fairness and comity, the court finds these considerations weigh in favor of retaining Gomez's state law claims or are neutral." *Id.* "Judicial economy strongly favors trying all of [Gomez's] claims in one proceeding. Convenience and fairness are neutral factors, as the Court would remand the case to state court in the same city in which it sits, and the parties would receive a fair trial in either court." *Green*, 2012 WL 12823699, at *4 n.12.

Considering all of the statutory and common law factors, the Court declines to remand the state law claims under Section 1367(c).

Fourth, 28 U.S.C. § 1441(c) provides that, "[i]f a civil action includes – (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be

-10-

removable without the inclusion of the claim described in subparagraph (B)" and that, "[u]pon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(1)-(2).

But none of Gomez's claims fall outside of this Court's original or supplemental jurisdiction. And, so, Section 1441(c) does not apply here. *Accord Hernandez-Mendoza v. Fatemi*, No. 5:20-cv-284-M-BQ, 2021 WL 2517700, at *4 (N.D. Tex. May 27, 2021), *rep. & rec. adopted*, 2021 WL 2516079 (N.D. Tex. June 18, 2021); *K&F Rest. Holdings, Ltd.*, 2016 WL 6901375, at *4.

## Conclusion

The Court denies the Joint Motion to Remand [Dkt. No. 32] for the reasons explained above.

SO ORDERED.

DATED: March 6, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE